UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                  )
Jason Cook,                       )
                                  )
        Plaintiff,                )
   v.                             )   C.A. No. 09-169 S
                                  )
A. T. Wall, et al.,               )
                                  )
        Defendants.               )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court are Plaintiff's and Defendants' Objections (ECF Nos. 43 and 42, respectively) to Magistrate Judge Lincoln D. Almond's ("MJ Almond") Report and Recommendation ("R&R"), dated September 17, 2012. (ECF No. 40.) MJ Almond recommended that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 31) be granted in part and denied in part. The Court held a hearing on both parties' objections on January 28, 2013.[1] After careful review, MJ Almond's R&R is adopted regarding Counts I, III, IV, and VII but rejected regarding Counts II, V, and VI.

---

[1] The Court's review of such an objection is de novo. See Fed. R. Civ. P. 72(b)(3).

For the following reasons, Cook's Due Process claim is entitled to proceed, but Cook's Intentional Infliction of Emotional Distress claim must be dismissed.

I.  Due Process

First, the Court does not adopt MJ Almond's recommendation to grant Defendants' Motion to Dismiss Cook's Due Process claim.  Cook asserts that his liberty interest has been violated in a variety of ways:  the Defendants terminated Cook from employment based on an allegation alone; the Defendants prohibited Cook from presenting evidence as well as calling or examining witnesses at the hearing regarding the employment termination; the Defendants failed to timely notify Cook that his appeal from the disciplinary board's decision had been denied; and the Defendants placed Cook into segregation without any evidence or hearings four times, for more than fifty-two days total, including stints of thirty days and eighteen days.  (See Am. Compl. ¶¶ 17-21, 28-31 (ECF No. 26).)  While some of these allegations alone may be insufficient to violate Cook's liberty interest, when taken in the aggregate, at the pleading stage, these allegations are sufficient to make out a claim of a violation of Cook's liberty interest.

"A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). These state created liberty interests

> will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidence of prison life.[2]

Id. (quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).

The Supreme Court has also held that placing a prisoner in segregated confinement for thirty days was not considered "atypical" or a "significant hardship" to be considered a violation of a protected liberty interest under State law or the Due Process Clause of the Constitution. See Sandin, 515 U.S. at 484. The Court reasoned that the prisoner's confinement "mirrored [] conditions imposed upon inmates in administrative

---

[2] At oral arguments the Defendants referred to Almeida v. Wall, C.A. No. 08-184S, 2008 WL 5377924 (D.R.I. Dec. 23, 2008), which found that a petitioner did not have a liberty interest in his good time credit under R.I. Gen Laws § 42-56-24 (1990 Reenactment). After further review, the state law, the liberty interest at issue, and the facts in Almeida are distinguishable from this case and thus, it does not prohibit Cook from bringing his Due Process claim. See id. at *1-3.

3

segregation and protective custody" and that the prisoner's "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction." See id. at 486.

Nevertheless, here, at this stage of the case, Cook's Amended Complaint alleges multiple facts that could lead the Court to find that Defendants have "impose[d] atypical and significant hardship" on Cook which would thus violate a state created and/or Due Process Clause liberty interest. See id. at 484. The allegations in Cook's Amended Complaint appear to be more severe than the facts of Sandin, as Cook states he was placed in segregation for longer than thirty days without hearings or any evidence to warrant the segregation, was terminated from his employment without evidence, was prevented from producing any evidence at his termination hearing, and was improperly notified regarding the disciplinary board's decision. See id. at 472; Am. Compl. ¶¶ 17-18, 20-21, 28-31. It is also worth mentioning that the prisoner in Sandin was sentenced to thirty years to life as a result of convictions for murder, kidnapping, robbery, and burglary and had been often placed in segregation prior to these incidents, unlike Cook, who was serving a seven year sentence for breaking and entering. Compare Sandin, 515 U.S. at 474-75. Therefore,

4

unlike in Sandin, Cook's treatment may not "mirror[] conditions imposed upon inmates in administrative segregation and protective custody" and all of Defendants' actions could rise to the level of violating Cook's protected liberty interest under state law — the Morris Rules[3] — and under the Due Process Clause of the Constitution.[4] See id. at 486.

II. Intentional Infliction of Emotional Distress

Second, Defendants correctly point out that MJ Almond did not make a recommendation regarding the Intentional

---

[3] Contrary to Judge Almond's R&R, even though the Amended Complaint is not the most well pleaded complaint, it appears Cook does plead a Due Process claim for which relief can be granted as Cook asserts in his Amended Complaint that his due process rights were violated by the process and manner in which Defendants disciplined him, and he specifically mentions the Fourteenth Amendment and the Morris Rules under the Due Process Count of the Amended Complaint. (See Am. Compl. pp. 17-20.)

[4] In Rhode Island, the state laws that may create the federal liberty interest here are the Morris Rules which "spell out privileges and restrictions for each classification, establish minimum conditions of confinement, and enumerate those inmate actions that constitute punishable conduct." See Doctor v. Wall, 143 F. Supp. 2d 203, 206 (D.R.I 2001). Even though the Morris Rules are state law, jurisdiction in federal court is proper as Cook asserts that his due process rights were violated when Defendants violated a liberty interest created by the Constitution and the Morris Rules, not just the Morris Rules alone. See id.; Am. Compl. ¶ 55. Thus, because Cook is "mak[ing] an allegation of a federal constitutional violation and bring[ing] an action under 42 U.S.C. § 1983" the Court can hear this claim. See Doctor, 143 F. Supp. 2d at 205; Am. Compl. p. 17.

5

Infliction of Emotional Distress claim. Under Rhode Island law, liability is only imposed after four factors have been proven:

> (1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe.

Norton v. McOsker, 407 F.3d 501, 510 (1st Cir. 2005). Furthermore, Rhode Island "requires that there be some medical proof establishing physical symptoms of distress." Id. Cook's Amended Complaint, however, fails to allege medical proof of physical symptoms of distress. Accordingly, Cook's Intentional Infliction of Emotional Distress claim must be dismissed.

III  Conclusion

Accordingly, Magistrate Judge Almond's R&R is adopted in part and rejected in part. The Court accepts and adopts MJ Almond's R&R in the following respects:  first, the Court DENIES Defendants' Motion to Dismiss regarding Counts I and V (as they relate to Article 1, Section 21 of the Rhode Island Constitution), the First Amendment retaliation claim, for the reasons laid out by MJ Almond; second, as neither party objected to MJ Almond's R&R regarding Count III, the Eighth Amendment Violation claim, Count IV, the

6

supervisory liability claim, and Count VII, captioned as a Writ of Habeas Corpus claim, the Court GRANTS Defendants' Motion to Dismiss on those counts; finally, the Court DENIES with prejudice Defendants' Motion for Summary Judgment on Exhaustion Grounds, for the reasons laid out by MJ Almond.  As discussed above, the Court does not adopt the R&R for the following two claims:  (1) the Due Process claim and (2) the Intentional Infliction of Emotional Distress claim. Thus, the Court DENIES Defendants' Motion to Dismiss regarding Counts II and V (as they relate to Article 1, Section 2 of the Rhode Island Constitution), the Due Process claim, and the Court GRANTS Defendants' Motion to Dismiss Count VI, the Intentional Infliction of Emotional Distress claim.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  February 28, 2013